

U.S. DISTRICT FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2006 OCT 20 AM 7:33
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEYONDRIA MITCHELL | CIVIL ACTION |
| VERSUS | NO. 06-1317 |
| GEICO GENERAL INSURANCE COMPANY | SECTION C |

### ORDER AND REASONS

Before the Court is a Motion to Remand, filed by the Plaintiff, Keyondria Mitchell ("Mitchell"). The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

On December 22, 2005, Mitchell filed a Petition for Damages against Geico General Insurance Company ("GEICO") in the District Court for the Parish of Orleans, seeking damages for injuries she sustained in a motor vehicle accident on January 5, 2003, in Houston, Texas. (Doc. 10). In her original petition for damages, Mitchell asserted that GEICO issued a policy of insurance providing Uninsured/Underinsured Motorist Coverage, on which policy Mitchell was a named insured, and/or which policy proved coverage to Mitchell as a member of the household of Ruth Borden. (Doc. 1. Ex. 1).

On March 14, 2006, GEICO filed a Petition for Removal to this Court claiming that based upon the allegations contained in Mitchell's Petition for Damages, it reasonably appears

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

that the damages Mitchell claims may exceed the sum of $75,000. (Doc. 1). On June 20, 2006, Mitchell filed a Motion to Remand for Improper Removal alleging that removal was improper because the value of Mitchell's claim is limited to the GEICO policy limit of $20,000.00, which is less than the required jurisdictional amount for federal diversity jurisdiction. In its opposition, GEICO does not dispute that the policy limit is $20,000.00, but claims that based upon Mitchell's allegations[1], her damages may reasonably exceed the sum of $75,000. (Doc. 14).

## II. LAW AND ANALYSIS OF THE COURT

### A. The Law on Removal and Remand

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). However, pursuant to 28 U.S.C. § 1441(c), a court must remand the case to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. See 28 U.S.C. § 1441(c).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith. Valobra v. State Farm Fire & Casualty Co., No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. Sept. 20, 2006)(citing St. Paul Mercury Idem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal. Id.; see also Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

---

[1] In her original petition, Mitchell claims that she suffered: past, present and future pain and suffering; past, present and future mental anguish, fear of death, and psychological harm; loss of enjoyment of life; past, present and future medical rehabilitation expenses; loss of earning capacity; and any and all other damages inherent in these pleadings. (Doc. 14).

However, Louisiana law does not permit a plaintiff to plead a specific amount of money damages. See Atkins v. Lexington Insurance Co., No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. July 12, 2006). Therefore, Fifth Circuit law requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. (citing Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. Id. (citing Allen, 63 F.3d at 1335). If a defendant is successful in proving that the amount in controversy exceeds the jurisdiction limit, the burden shifts to the plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000.00. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). If a plaintiff is able to do so, then the case will be remanded to state court. See id.

In addition, an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. See 28 U.S.C. § 1447(c). The propriety of the defendant's removal is central in determining whether to impose fees. Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). To determine whether removal jurisdiction existed, defense counsel had only to consider the complaint at the time the petition for removal was filed. Id. Fees should only be awarded if the removing defendant lacked "objectively reasonable grounds to believe the removal was legally proper." Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)(citing Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000).

**B.** **Analysis**

In GEICO's Petition for Removal, it claims that Mitchell's alleged damages reasonably appear to exceed the sum of $75,000. (Doc. 1). In her original petition, Mitchell lists a significant number of serious damages, and states that GEICO provided coverage under a Uninsured/Underinsured Motorist Coverage policy. The petition does not state that the policy had a limit of $20,000. (Doc. 2, 10).

GEICO contends that the applicable case is Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908 (5th Cir. 2002), because in that case the Fifth Circuit held that "in a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." Atkins, 2006 WL 1968895 at *3. Similarly, GEICO contends Atkins is also applicable because, as in Atkins, Mitchell did not assert in her complaint that her claims either approach or exceed policy limits, therefore the policy amount is not determinative of the amount in controversy.

However, the present case is factually different from Hartford and Atkins in that the insurance policies at issue in those cases greatly exceeded the jurisdictional amount. In Hartford, the Fifth Circuit re-established that if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy. Hartford, 293 F.3d at 911. In Hartford, because the Court was not faced with the possibility that the claims would likely exceed the policy limits, the value of the claim was determinative of the amount in controversy. See id. However, the Fifth Circuit was careful to note that "[they] recognize that under certain circumstances the policy limits will establish the amount in controversy." Id. In Atkins, the policy amount also exceeded the

4

jurisdictional threshold, which is why the court was concerned with whether Atkins' claims approached or exceeded the amount of the policy. Atkins, 2006 WL 1968895 at *3. In this case, the policy amount is only $20,000.00, which does not come close to the jurisdictional threshold, therefore this Court is not concerned with the fact that Mitchell did not assert that her claims approached or exceeded the policy amount.

Conversely, Mitchell asserts that when a claim is asserted on an insurance policy and the insurer is the sole defendant, the amount in controversy is established to a legal certainty by the insurer's policy limits. See Payne v. State Farm Mut. Auto. Ins. Co., 266 F.2d 63, 64-65 (5th Cir. 1959). In Payne the Fifth Circuit stated that "[the] court must examine whether it is legally possible for plaintiff to recover a sum equal to the jurisdictional amount upon the cause of action alleged in the petition." Id. at 65. Here, Mitchell could not recover more than $20,000.00 because that is the limit on the GEICO policy.

Accordingly,

**IT IS ORDERED** that the Motion to Remand for Improper Removal of the plaintiff, Keyondria Mitchell, is **GRANTED**[2].

New Orleans, Louisiana, October 18, 2006.

Helen G. Berrigan
District Judge

---

[2] As for attorneys fees and costs, the issue is whether GEICO had reasonable grounds to believe removal was proper. Valdes, 199 F.3d at 293. In determining the propriety of the removal, a court should consider "the merits of the defendant's case at the time of removal." Id. at 292. In her original petition, Mitchell lists a number of damages in her original petition that could reasonably exceed $75,000.00. Based on that, GEICO had reasonable grounds to believe removal was legally proper. Therefore, an award of attorney fees or any other just costs in this case is not appropriate.